Good morning, Mr. Gardner. Good morning, Your Honors. David Gardner, appearing for the Petitioner, Balraj Singh. May it please the Court, the Petitioner this morning is requesting that the Court review the denial of Petitioner's motion to reopen the decision of February 2004 in light of the Circuit's decision in matter of Azate, which was decided in January 2005. Azate was decided on a different statutory scheme, changes that had been made in the legislation since our decision in Schar. Yes, Your Honor. And I don't understand what the basis for this panel's not following Schar is. The – this case was a deportation case which came under the so-called transitional rules. Which was Schar. Under Schar. The language of Azate basically attacks the principles of Schar and finds that Schar is no longer controlled. Yes, but it does it on an entirely different statutory explanation. That is, the difference between Schar and Azate was the enactment by Congress of a number of these various provisions into statute, at which point the Azate panel came to the conclusion that there was a new balance between the different rights, the rights of the claimant and what was the process for appeal. Isn't it pretty clear from Azate that Schar still remains the law for the transitional cases? I believe that the language of – a language of Azate allows Schar to stay in place, but also finds it's no longer controlling, and the reasoning of – No longer controlling in what kinds of cases? In Azate, the facts of – I think the court in Azate addressed the situation where the motion to reopen was not filed – was filed within the voluntary departure period. And that was in a removal proceeding post-Ira-Ira. This case is a deportation in the transitional period between deportation and removal. And the petitioner here filed his motion to reopen on the 31st day after October 7th, when the – 2003, when the board reissued its decision denying the previous – a motion to reopen. Was the motion to reopen here filed during the voluntary departure period? Well, this is the main argument that I'd like to make, Your Honor. The original voluntary departure period given by the immigration judge commenced on – in March 19 of 1998 and then extended to July 1, 1998. The Azate court specifically made the point that there was a difference between prior voluntary departure, which came under regulation, and post-Ira-Ira, which was then limited by statute. What the board did was made reference to the immigration judge's decision, I believe at page 137 of the transcript. It permitted the petitioner, the respondent, to depart within 30 days. And they say, pursuant to the immigration judge's order and our ruling in matter of chuliaris, a board decision. I'm trying to follow you. They gave him 30 days. They gave him 30 days. He didn't file during that 30-day period. He filed on November 7th, which was the 31st day. That's the point. This is another distinguishing factor here. It was after the voluntary departure time. And in the case that you're relying on, Judge Reinhart specifically points out that this was filed during his voluntary departure period. So you say, nevertheless, this was during the departure period. I'm arguing there's an ambiguity with respect to voluntary departure period because, first of all, the board had up to 60 days to grant according to the statutory statute. They gave him 30. What is the ambiguity? What is ambiguous? The board made reference, pursuant to the immigration judge order, we grant voluntary departure. The immigration judge's order of voluntary departure was something like 3-1⁄2 months. The board then gave 30 days. Nothing ambiguous about 3-0 days, is there? No, Your Honor. No, Your Honor. But if the board did was a form. It's actually a form decision. And if you go back to the rationale of his decision, look at the consequences of that 30-day ruling. If the Petitioner in this case had departed within the 30-day period, he would have been subject to a 10-year bar under the Immigration Reform Act. So how do we write an opinion along your line, say, well, notwithstanding his failure to depart during the voluntary departure period, this has dire consequences in his case. Therefore, too much harm, the heck with the foul. There's the harm of the 10-year bar. There's a conflict, Your Honor. I don't see how we write this, other than an idiosyncratic gift to your client. There's the reasoning of Izzati was there was a conflict between post-Ira and pre-Ira. Here there's several conflicts, one in the voluntary departure period. Secondly, the Petitioner filed under 245i of the Act, which specifically provides a grace period for persons in adjustment. This Court has ruled in Perez-Gonzalez, which was cited in Petitioner's opening brief, that where there was a conflict between section 245i and 212, 245i, as it were, trumps 212. By analogy here, there's a conflict between 245i and Madras Shah. You're giving us a lot of abstractions as to what this is all about. Why didn't he leave during the 30 days? If he had left, his motion to reopen would be moot and he would be subject to a 10-year bar. I have a slightly different question. He not only didn't leave, but he didn't ask to extend it. Right. Which he easily could have done. Or he could have filed a petition for review in this Court, which would have triggered an automatic stay of the period of voluntary departure. There are all sorts of things he could have done but didn't do that means that he was not in the same kind of catch-22 that the Court believed Azardi to have been in. I concede that the Petitioner could have filed a petition for review and failed to do so. But with respect to the extension, the Court noted in Azardi that these extensions post-Ira-Ira are never or rarely granted and that under a different statutory regime and that the Board, in fact, takes months to rule on its decisions in any event. So what we have if we apply the 30-day period is a mechanical distinction. He filed on the 31st day within the 90-day period, within the 90-day period for a motion to reopen. Mr. Garner, let's see if you – I'm slow, so you have to help me on some of this. Let's see if you can simplify it for me. As I read the record, he never took a direct appeal from the original decision. Is that correct? No, he did. He appealed his appeal. He never took a direct appeal from the original decision. What he did eventually was to move to reopen. Isn't that correct? He never took a direct appeal up here. Not of – he appealed the original IJ's decision and then filed a motion to reopen for Convention Against Torture Relief. He never took a direct appeal up here of the original decision.  It was 2002. He did not take an appeal. Then when he moved to reopen, he didn't file until after the voluntary departure period had left. Isn't that right? It had expired. He – my argument is that the voluntary departure period was the scheduled date given by the immigration judge. And not by the board. And not by the board. The board doesn't have supervisory authority. Isn't it? I thought the immigration judge's decision is made final by board action. Isn't that right? Yes, Your Honor. So it's the board that acts. As a matter of law, it's the board's decision that is the appealable decision. Yes, Your Honor. Okay. Right. You weren't the original counsel, were you? I am not. You would have handled this case differently? Correctly, Your Honor. Several stages? The – I believe that the petition for review would have been appropriate at the time of the October 2003 petition. You didn't – as I looked at the record and read your brief, you didn't raise any question about ineffective assistance of counsel. Not at that time, Your Honor. No, Your Honor. Yet? Has there yet been filed anything saying this was a result of ineffective assistance of counsel looking for some kind of relief? Not yet. No, Your Honor. Okay. Thank you. Thank you, Mr. Vernon. There's one – I'm sorry. If I may, one final issue that the – Thank you very much. Your time has expired. Sorry. May it please the Court. My name is Jennifer Lightbody, and I represent the Respondent. The board did not abuse its discretion in denying Petitioner's third motion to reopen where the Petitioner filed his motion more than 30 days after the period of voluntary departure. He's not shown exceptional circumstances – exceptional circumstances, and he was warned of the consequences for failing to voluntarily depart under – in accordance with this Court's decision in Ordonez. The Petitioner has conceded that the only – Base control. Is this – is this Scharr or is this Izzardi? This is Scharr.  reopen outside of the 30-day period. And in Izzardi, the Court held that the Petitioner's voluntary departure period was told because he filed within – or because he filed his motion to reopen within the voluntary departure period. And I would also point out to the Court – and my apologies for not submitting a 28-day letter on this, but I will after – Have you warned counsel you're going to do this? No, because this is just coming up at this point. It is controlled by matter of Scharr because this is a transitional rule case. But in post-ARRERA cases, in the permanent rule cases, this Court has already said – has distinguished Izzardi. You're about to give us a new case? This was a case that was decided in 2004 where it was filed – a motion to reopen was filed outside of the voluntary departure period. I'm simply asking if you gave counsel a courtesy of telling them before the argument that you're going to use a case that's never been brought to anybody's attention. I did not, because it's just come up at this point. You've been sitting in the courtroom for half an hour. You didn't give it to them then either? Well, I believe that this case is controlled by matter of Scharr. And my point is that it's just very – No, it's just good practice if you're going to use a case that you haven't filed a 28-day letter on to at least give counsel a courtesy of a copy before everybody stands up here. My apologies, Your Honor. I'm – Well, you know what? Your position is that Scharr controls. So that seems to me a sufficient position at this point. Yes, Your Honor. I would also point out by his own admissions that he did not file his motion to reopen within the voluntary departure period, and also the equities do not weigh in his favor. And that is because he learned about – that his I-140, his visa petition for employment, was approved on May 6, 2002. That was before the board – If it weighed in his favor, what would that do for him? Well, actually, it really wouldn't help him, Your Honor, because he still filed outside of the voluntary departure period. My point is to show that he knew about the granting of the visa petition in 2002, when this case was still pending before the board. Before the board first issued its decision, August 1, 2002, and then he filed a motion to reopen, saying that he didn't get a copy of the board's decision. He filed that on July 17 of 2003. At that point, he knew that his visa petition had been granted. He could have filed a motion to adjust to status before the board at that time. Instead, he waited until well after the board reissued its decision on October 7, 2003, before he even brought it to the board's attention. His entire due process argument is without merit, because he had that visa petition approved at the time that his case was pending before the board. Also, it doesn't show exceptional circumstances for his failure to voluntarily depart under matter of char. This was not a situation beyond his control. He could have filed the motion to reopen before the board. And, in fact, it was a matter that was entirely within his control, and he chose not to do it until after his voluntary departure period had expired. That goes to the exceptional circumstances issue? To the extent that he's raised exceptional circumstances, yes. It goes to that and also to any due process argument that he has. I didn't see that exceptional circumstances issue got fleshed out. Not necessarily in his opening brief, Your Honor, but to the extent that it goes to his due process argument as well, that he's being treated differently because he has an employment visa, and he's being treated differently because he's in proceedings, as opposed to somebody who's seeking to adjust to status who's not in proceedings yet. And his due process argument would have no merit because he had an approved visa petition. He wasn't waiting for the agency to approve it. He had that while his case was pending before the board, and he did nothing to essentially help himself. He sat on his rights for more than a year before he brought it to the board's attention, and when he did so, he did it out of time. I would point out to the court that it appeared that he did try to file some sort of adjustment of status before the agency, but again, he didn't do that properly before the board, which is the only way he could do it pursuant to a motion to reopen. So I would submit to the court that the board did not abuse its discretion in denying his motion to reopen because, again, it was filed outside of the 30-day period, and matter of char applies. He's not shown exceptional circumstances for his failure to voluntarily depart, and he was warned of the consequences for failing to voluntarily depart. And under the law of this circuit, the board was entirely within its discretion to deny his motion to reopen for his failure to voluntarily depart. Unless the court has other questions for me. I don't think so. Thank you. Thank you. All right. Thank you, counsel. The matter just argued to be submitted.
judges: Trott, Rymer, Plager